COMMONWEALTH of Pennsylvania,
Appellee

v.

Anthony OWENS, Appellant.

Superior Court of Pennsylvania.

Submitted June 4, 2007.

Filed Nov. 14, 2007.

Troy H. Wilson, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: DANIELS, COLVILLE * and ANTHONY *, JJ.

OPINION BY DANIELS, J:

¶ 1 Appellant herein appeals from the trial court's June 7, 2006 Order, denying his motion to correct sentence. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY OF CASE

¶ 2 The trial court has provided a coherent statement of the facts and historical posture of this case as follows:

[On July 12, 2003,] Complainant Danielle Henry was attending a party at the home of her cousin at 815 Hilton Street, Philadelphia, PA and while she was standing outside of the house, she observed Appellant become involved in an altercation with another male. During the melee Appellant was punched and he retaliated by procuring a sawed-off shotgun from his backpack and began firing his weapon at the assailants as they fled. N.T., 3/15/2005, pp. 10–11. Complainant Henry was shot as some attempted to wrestle the gun away from Appellant. *Id.*, at 11. She was treated at the Temple Hospital for injuries to her abdomen. *Id.* Her brother, Donte [Frazier], was also shot and suffered leg injuries. *Id.*, at 9.

On March 15, 2005, Appellant entered negotiated guilty pleas to charges of [Aggravated Assault and Carrying Firearms without a License]. Criminal Docket, at p. 3. In exchange for his plea the Commonwealth agreed to enter *nolle prosequi* on any remaining charges and to recommend a total sentence of four to ten years' incarceration. The

* Retired Senior Judge assigned to the Superior Court.

Court accepted the sentencing recommendation as negotiated between the Appellant and Commonwealth and sentenced Appellant accordingly, granting Appellant credit for any time served. On October 4, 2005, Appellant filed a *habeas corpus* Motion to Correct Sentence alleging that prison authorities unlawfully refused to give him credit for the time he served while awaiting trial during which Appellant was subject to house arrest with electronic monitoring. On June 8, 2006, after a hearing and argument, Appellant's motion was denied. This timely appeal followed on June 16, 2006.

Trial Court Opinion, pp. 1–2.

## ISSUE ON APPEAL

¶ 3 Appellant's sole assignment of error is: Did the trial court err and abuse its discretion in refusing to grant Appellant's motion to correct sentence since the original plea agreement contemplated that Appellant would be given credit for all time served including, but not limited to, pretrial time served while under house arrest? Appellant's Brief, p. 5.

¶ 4 Appellant seeks to have his sentence recalculated to credit him with the twenty (20) months and two (2) days he spent subject to house arrest with electronic monitoring, which would reduce his sentence to a minimum incarceration period of two (2) years and eight (8) months in a state correctional institution.[1]

## DISCUSSION

¶ 5 The statute at issue in this appeal is 42 Pa.C.S.A. § 9760, "Credit for time served":

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

¶ 6 Appellant argues that when the prison department refused to give him any credit for time served under house arrest, reneging on what he viewed as a binding plea agreement, his sentence became illegal, mistaken, and subject to correction by his Motion to Correct Sentence. The trial court's refusal to do so, Appellant asserts, amounted to an abuse of its discretion.

¶ 7 The trial court's opinion states that the sentencing court did indeed agree to grant Appellant credit for "any time served", but notes that the question—as to whether the time served by Appellant under house arrest amounted to "time spent in custody" (as per the statutory language)—was not addressed specifically on the written guilty plea colloquy form or at the plea hearing itself. (Trial Court Opinion, pp. 1–2). The trial court opinion also suggests that challenges by defendants asserting errors in sentencing computation should be brought within the original jurisdiction of the Commonwealth Court, as we prescribed in *Commonwealth v. Perry*, 386 Pa.Super. 534, 563 A.2d 511 (1989).

¶ 8 This appeal appears to be based upon an ambiguity in the sentence, rather

---

1. This presumably includes the credit Appellant received for serving approximately one year in prison on these charges before he was released to house arrest by a "Certification of Bail and Discharge", signed on July 1, 2004, which is a part of the record in this Appeal.

than a computational error. As such, according to *Perry*, it has been properly brought as a *habeas corpus* petition before the trial court. *Id.* at 513. The ambiguity, as is noted above, is based upon Appellant's assertion that the time he served under house arrest, with electronic monitoring, should be credited to reduce his actual time of incarceration. The Commonwealth's Brief argues that Appellant's sentence correctly credited him for the year he spent in prison before he was released on house arrest, but nevertheless asserts that without any specific or express agreement as to the time Appellant spent under house arrest, it cannot be assumed that his plea agreement contemplated that such time would be credited as well. Commonwealth Brief, p. 3. The Commonwealth also relies upon the case of *Commonwealth v. Kyle*, 582 Pa. 624, 874 A.2d 12 (2005), in which the Supreme Court of Pennsylvania reasoned that there was a lack of any definitive resolution of this issue, but examined the trend in prior cases to the effect that:

> [w]hile at home, an offender enjoys unrestricted freedom of activity, movement, and association. He can eat, sleep, make phone calls, watch television, and entertain guests at his leisure. Furthermore, an offender confined to his home does not suffer the same surveillance and lack of privacy that he would if he were actually incarcerated.

*Kyle*, 582 Pa. at 639, 874 A.2d at 21 (quoting *Commonwealth v. Wegley*, 574 Pa. 190, 829 A.2d 1148 (2003)).

¶ 9 The *Kyle* Court then ruled that:

> [r]elease on any form of bail necessarily restricts one's liberty, but release to one's home on bail subject to electronic monitoring does not reach the level of restriction that necessarily attends placement in an institutional setting. Accordingly, we hold that time spent

subject to electronic monitoring at home is not time spent in "custody" for purposes of credit under Section 9760.

*Kyle*, 582 Pa. at 640, 874 A.2d at 22.

¶ 10 Appellant argues that *Kyle* should not be applied retroactively as it was decided approximately two months after his formal sentencing. He further asserts that at the time he was sentenced, the jurisprudence in place would have allowed a court to credit him with time served under house arrest. Appellant's Brief, p. 13. But Appellant's argument fails to account for the Supreme Court of Pennsylvania's most recent pronouncements as to the retroactivity of its decisions:

> As Madame Justice Newman noted in her recent unanimous opinion in *Fiore v. White*, 562 Pa. 634, 757 A.2d 842, 847 (2000), "[n]ot every opinion creates a new rule of law." This is particularly so when the opinion involves the construction of a statute, and it either adopts a view of the statute "which was not wholly without precedent," or it involves this Court's first opportunity to construe the disputed provision.

*Commonwealth v. Eller*, 569 Pa. 622, 632, 807 A.2d 838, 844 (2002) (citations omitted).

¶ 11 Appellant has raised a valid inquiry here, but we are constrained to apply the *Kyle* rule retroactively, which precludes Appellant from receiving credit for the time that he spent under house arrest. As discussed above, *Kyle* sets a bright-line rule on this issue. *Kyle* specifically abrogated *Commonwealth v. Chiappini*, 566 Pa. 507, 782 A.2d 490 (2001), which permitted courts to consider crediting house arrest time on a case-by-case basis. Although *Kyle* might thus have signaled a new rule of law that could not be applied retroactively, *Kyle* specified that this element of *Chiappini* garnered only a mere plurality within a fractured Court. In-

deed, the *Chiappini* opinion engendered four separate partial concurrences and partial dissents. *Kyle* thus noted that the *Chiappini* plurality's case-by-case test was an aberration within a general trend against allowing credit for home arrest, which had been in place since *Commonwealth v. Kriston,* 527 Pa. 90, 588 A.2d 898 (1991) (holding that credit generally is not due for time spent on home monitoring, but for equitable reasons, credit was awarded).

¶ 12 The *Kyle* Court, with only Justice Newman dissenting, concluded that:

> In summary, the proposed case-by-case test for credit for time served, as set forth by the lead opinion in *Chiappini,* was not endorsed by a majority of the Court and lacks precedential status. Rather, on the question of statutory construction, the legal position taken by the four remaining Justices, which comported with this Court's prior decisions in *Kriston* and *[Com. v.] Conahan,*[ 527 Pa. 199, 589 A.2d 1107 (1991)] prevailed.... Today, we make clear that *time spent on bail release, subject to electronic monitoring, does not qualify as custody for purposes of Section 9760 credit against a sentence of incarceration.*

*Kyle,* 582 Pa. at 638, 874 A.2d at 20 (emphasis added).

### *CONCLUSION*

¶ 13 Applying the reasoning of *Kyle* and its express bright-line rule to the instant case, we must conclude that Appellant was not being held "in custody" during the time he was under home confinement with electronic monitoring. According to the record, Appellant's release to home confinement was approved as a means for him to work and to help support his children before his trial. (Appellant's Motion for Modification of Pre–Trial Release Order to Allow for Employment of 9/3/04). He had already been serving time from (presumably) July, 2003 (when he was arrested after the incident) up until July, 2004, when he was released on his own recognizance pursuant to a Rule 600(e) motion. (Certification of Bail and Discharge Order of 7/1/04). Thus, not only was Appellant physically free from the confines of prison and allowed to reside in his own home during that time, but he was also permitted to leave his home and go to work six days per week. Such a course of house arrest with electronic monitoring does not constitute "time spent in custody" under the current interpretation of Section 9760. Thus, in accordance with *Kyle,* we affirm the lower court's decision to deny Appellant's Motion to Correct Sentence.

¶ 14 Order denying Motion to Correct Sentence affirmed.

¶ 15 COLVILLE, J. FILES A CONCURRING OPINION.

### CONCURRING OPINION BY COLVILLE, J.:

¶ 1 I concur with the result reached by the Majority. I write separately because the rationale I employ in reaching that result differs from the rationale utilized by the Majority.

¶ 2 The trial court sentenced Appellant on March 15, 2005. He did not file a direct appeal. Appellant's judgment of sentence, therefore, was final when, on October 4, 2005, Appellant filed in the trial court the document he styled as a "Habeus [sic] Corpus Motion to Correct Sentence." As such, the trial court should have treated this document as a PCRA petition. *See Commonwealth v. Johnson,* 803 A.2d 1291, 1293 (Pa.Super.2002) ("We have repeatedly held that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment

of sentence becomes final will be treated as a PCRA petition.").

¶ 3 Appellant did not claim in this PCRA petition that his sentence was ambiguous. In fact, Appellant explicitly stated that he was sentenced to four years in a state correctional institution. *See* Appellant's "Habeus [sic] Corpus Motion to Correct Sentence," 10/4/05, at ¶ 7. Appellant further asserted that the trial court "request[ed] that [Appellant] be given credit for any and all time served in pre-trial custody including any time [Appellant] was in custody *via* house arrest." *Id.* at ¶ 8.

¶ 4 As to the claim Appellant raised in his petition, Appellant alleged that the "Pennsylvania State Prison Correctional System has refused to give [him] any credit for time served while awaiting trial." *Id.* at ¶ 11. From this allegation specifically and from the remainder of Appellant's petition generally, the only claim I can discern that Appellant raised in his petition was that the Department of Corrections has failed to credit him with time served. Notably, Appellant did not claim in his PCRA petition, nor did he argue in the hearing on that petition, that his sentence is illegal.[2] Therefore, in my view, Appellant's claim is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9545(a)(2) (delineating claims cognizable under the PCRA); *see also Commonwealth v. Perry*, 386 Pa.Super. 534, 563 A.2d 511, 513 (1989) ("It was only when the petitioner challenges the *legality* of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence was deemed cognizable as a due process claim in PCRA proceedings.... It is enough, for the present, to note that a challenge to a Bureau of Corrections' computation or construction of a sentence (or sentences) imposed may not be brought by a PCRA petition.") (emphasis in original).

¶ 5 For these reasons, I agree with the Majority's decision to affirm the trial court's order denying Appellant's motion/petition.

---

2. Appellant did invoke the phrase "illegal sentence" in both his memorandum of law filed in support of his PCRA petition and in his brief to this Court. Appellant makes no developed argument in either of these documents to support a claim that his sentence is illegal, nor am I able to discern any illegality in his sentence.