J-S35029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADRIAN CLEMENTE JR. | |
| Appellant | No. 3059 EDA 2014 |

Appeal from the PCRA Order October 8, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0642921-1994
CP-51-CR-0700291-1994

BEFORE:  MUNDY, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 11, 2015**

Appellant, Adrian Clemente, Jr., appeals *pro se* from the order entered on October 8, 2014, dismissing his second petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On October 25, 1995, Appellant pleaded guilty to four counts of robbery, one count of criminal conspiracy, and one count of possessing an instrument of crime.[1]  That same day, the trial court sentenced Appellant to serve an aggregate term of ten to 20 years in prison.  Appellant did not file either a post-sentence motion or a direct appeal to this Court.  ***See Commonwealth v. Clemente***, 738 A.2d 1048 (Pa. Super. 1999) (unpublished memorandum) at 1-2.

_____

[1] 18 Pa.C.S.A. §§ 3701, 903, and 907, respectively.


*Retired Senior Judge assigned to the Superior Court.

Appellant filed his first PCRA petition on November 10, 1997. The PCRA court dismissed the petition on March 28, 2000 and, on August 31, 2000, this Court dismissed Appellant's appeal, as Appellant failed to file a brief. **Commonwealth v. Clemente**, ___ A.2d ___, 1228 EDA 2000 (Pa. Super. 2000) (unpublished order) at 1.

Appellant filed the current, *pro se* PCRA petition on February 19, 2014. Appellant then filed an amended, *pro se* PCRA petition on April 23, 2014. On September 3, 2014, the PCRA court provided Appellant with notice that his PCRA petition was untimely and that, in 20 days, the court intended to dismiss the petition without a hearing. PCRA Court Order, 9/3/14, at 1; **see also** Pa.R.Crim.P. 907(1). On October 8, 2014, the PCRA court entered an order dismissing Appellant's PCRA petition. PCRA Court Order, 10/8/14, at 1. Appellant's timely, *pro se* notice of appeal followed.

We conclude that the PCRA court properly dismissed Appellant's patently untimely, serial PCRA petition.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." **Commonwealth v. Liebel**, 825 A.2d 630, 632 (Pa. 2003).

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the]

petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See***, ***e.g.***, ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, since Appellant did not file a direct appeal, his judgment of sentence became final on Monday, November 27, 1995 – which was 31 computable days after Appellant was sentenced in open court and, on which, the time for filing a direct appeal to this Court ended. ***See*** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3); 1 Pa.C.S.A. § 1908

- 3 -

(computation of time). Appellant then had until November 27, 1996 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b). As Appellant did not file his current petition until February 19, 2014, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant claims that he is entitled to relief under the PCRA's "after-discovered facts" exception to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Appellant claims, he recently learned that he is serving an illegal sentence, as he recently discovered that the Department of Corrections improperly calculated his maximum release date to be November 24, 2017 – when his maximum release date should be June 12, 2014. Appellant's PCRA Petition, 2/19/14, at 1.

Yet, as the Commonwealth Court explained:

> "the PCRA contemplates only challenges to the propriety of a conviction or a sentence." *Commonwealth v. Masker*, 34 A.3d 841, 843 (Pa. Super. 2011) (*en banc*). **A challenge to [the Department of Corrections'] computation or construction of a sentence is not a cognizable claim under the PCRA**. *Commonwealth v. Owens*, 936 A.2d 1090 (Pa. Super. 2007); *Commonwealth v. Perry*, 563 A.2d 511 (Pa. Super. 1989). Rather, if the alleged error is the result of [the Department of Corrections'] erroneous computation, then

- 4 -

the appropriate mechanism for redress is an original action in [the Commonwealth] Court challenging the [Department of Corrections'] computation.

*Allen v. Com., Dep't of Corr.*, 103 A.3d 365, 373 (Pa. Cmwlth. 2014) (emphasis added).

In this case, while Appellant attempts to satisfy the "after-discovered facts" exception to the time-bar, the facts that Appellant alleges simply support a "challenge to [the Department of Corrections'] computation or construction of [Appellant's] sentence." *Id.* Since such a claim is not cognizable under the PCRA, the facts supporting the claim do not satisfy the "after-discovered facts" exception to the PCRA's time-bar. As such, we conclude that Appellant's PCRA petition is manifestly untimely and that Appellant did not plead any of the statutory exceptions to the one-year time-bar. Therefore, our "courts are without jurisdiction to offer [Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). We thus affirm the PCRA court's October 8, 2014 order, dismissing Appellant's PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/11/2015

- 5 -