J-S71037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON ISAAC WEST, | |
| Appellant | No. 312 EDA 2017 |

Appeal from the Order January 4, 2017
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0004823-2004

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 08, 2018**

Appellant, Jason Isaac West, appeals *pro se* from the order of January 4, 2017, denying his petition for a writ of *Habeas Corpus Ad Subjiciendum* (petition).  For the reasons discussed below, we dismiss.

In January 2005, a jury convicted Appellant of murder of the first degree, attempted murder, aggravated assault, and various weapons offenses.  On August 31, 2005, the trial court sentenced Appellant to life imprisonment.  The court also sentenced him to an aggregate term of incarceration of not less seven and one-half nor more than fifteen years consecutive to the term of life imprisonment on the charge of attempted

_____

[*] Retired Senior Judge assigned to the Superior Court.

murder. Further, it sentenced him to a term of incarceration of not less than six nor more than twenty-three months concurrent to the term of life imprisonment on the weapons offenses.

On November 28, 2006, this Court affirmed the judgment of sentence. (**See Commonwealth v. West**, 915 A.2d 153 (Pa. Super. 2006) (unpublished memorandum)). The Pennsylvania Supreme Court denied leave to appeal on July 31, 2007. (**See Commonwealth v. West**, 929 A.2d 645 (Pa. 2007)). On July 22, 2008, Appellant filed a timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court dismissed the petition on November 27, 2009. This Court subsequently affirmed the dismissal of Appellant's PCRA petition.

On March 24, 2015, Appellant filed a petition for a writ of *Habeas Corpus Ad Subjiciendum*, alleging that he was eligible for immediate release because of the illegality of the sentencing order. (**See** Petition for a Writ of *Habeas Corpus Ad Subjiciendum*, 3/24/15, at 4). The trial court denied the petition on April 1, 2015.

On December 27, 2016, Appellant filed the instant petition. In the petition, Appellant alleged that the Pennsylvania Department of Corrections (DOC) had incorrectly interpreted the sentencing order and, thus, miscalculated his sentence. (**See** Petition, 12/27/16, at 2-3). On January 4,

2017, the trial court dismissed the petition. The instant, timely appeal followed.[1]

On appeal, Appellant raises the following questions for our review:

I. Whether the trial court abused its discretion and/or committed an error of law in denying and dismissing Appellant[']s [petition] without a hearing or rule to show cause, and did the Appellant[']s petition state sufficient material facts that would entitle Appellant to *habeas* relief?

[II.] Whether the record supports that Appellant was sentenced in accordance with 42 Pa.C.S.[A.] § 9711?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

Appellant appeals from the denial of his petition. "Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason." *Rivera v. Pa. Dep't of Corr.*, 837 A.2d 525, 528 (Pa. Super. 2003), *appeal denied*, 857 A.2d 680 (Pa. 2004) (citations and quotations omitted).

In his first issue, Appellant argues that the trial court erred in dismissing his petition without holding a hearing or issuing a rule to show cause. (*See* Appellant's Brief, at 8-11). We disagree.

---

[1] On January 19, 2017, the trial court directed Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on February 3, 2017. On March 28, 2017, the trial court issued an opinion. On July 28, 2017, without seeking leave of court as required by Pennsylvania Rule of Appellate Procedure 1925(b)(2), Appellant filed a supplemental Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(2).

In **Commonwealth v. Perry**, 563 A.2d 511 (Pa. Super. 1989), this Court explained the proper method for contesting the DOC calculation of sentence as follows:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

**Perry**, **supra** at 512-13 (citations omitted); **see also Commonwealth v. Heredia**, 97 A.3d 392, 395 (Pa. Super. 2014), *appeal denied*, 104 A.3d 524 (Pa. 2014).

Here, in his petition, Appellant claimed that, "PA DOC officials have incorrectly calculated [his] sentence, and delated a sentencing condition imposed by the courts which results in a[n] illegal detention[.]" (Petition, 12/27/16, at 2). He further stated, "[Appellant] contends that the [DOC] calculation of the sentence is wrong." (**Id.** at 3). At several points throughout the petition, Appellant alleged that the sentencing order was "clear." (**Id.** at 6; **see also id.** at 4-5). Appellant makes the same argument in his appellate brief. (**See** Appellant's Brief, at vi). At no point in his brief does Appellant

argue that the sentencing order was illegal or ambiguous,[2] a contention, as we noted above, that he made in a previous petition for a writ of *habeas corpus*. (*See id.* at 1-3). Thus, Appellant does not claim that the sentence imposed by the trial court was ambiguous, but rather that the DOC was not properly applying it. (*See* Appellant's Brief, at 8 (discussing proper procedure to challenge DOC's computation or construction of sentence); *see also id.* at 9 (claiming DOC deleted sentencing condition)). Thus, because Appellant claims that the problem lies with the DOC's interpretation of the sentencing order and not any inherent ambiguity in the sentencing order itself, he is not entitled to relief on his petition but rather must file an original action in the Commonwealth Court in order to address his claim. *See Perry*, *supra* at 512-13; *see also Heredia*, *supra* at 395; *Cf.*, *Commonwealth v. Owens*, 936 A.2d 1090, 1091-92 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1162 (Pa. 2008) (holding claim that trial court failed to give credit for time served on house arrest was based upon ambiguity in sentence rather than computational error by DOC and was thus properly raised in *habeas corpus* petition filed in trial court).

---

[2] Rather, if anything, Appellant's claim is that both DOC and the Commonwealth are misinterpreting the sentencing order, not that the order itself is ambiguous. (*See* Appellant's Brief, at 1-3).

In his second claim, Appellant argues that the trial court did not sentence him in accordance with 42 Pa.C.S.A. § 9711. (**See** Appellant's Brief, at 12). However, this claim is not properly before us.

Appellant's contention is a challenge to the legality of his sentence and thus Appellant must raise it in a timely PCRA petition, not a petition for a writ of *habeas corpus*. **See Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008) (Pennsylvania courts have consistently held that, so long as it falls within ambit of PCRA, any claims filed after judgment of sentence is final must be raised in PCRA petition).

Accordingly, for the reasons discussed above, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/18