J-S22007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FREDDYS A. DIONICIO-GOMEZ | : | |
| | : | |
| Appellant | : | No. 1750 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 21, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004007-2020

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: AUGUST 19, 2025**

Freddys A. Dionicio-Gomez appeals from the judgment of sentence, entered in the Court of Common Pleas of Lancaster County, following his conviction of one count of aggravated assault.[1]  Dionicio-Gomez's counsel, MaryJean Glick, Esquire, has filed an application to withdraw as counsel and an accompanying ***Anders***[2] brief.  Upon review, we affirm Dionicio-Gomez's judgment of sentence and grant Attorney Glick's application to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(1).

[2] ***Anders v. California***, 386 U.S. 738 (1967).  ***See also Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

On January 26, 2018, Dionicio-Gomez shot Harry Lopez in the elbow during an altercation outside of a private club in Lancaster. Dionicio-Gomez fled the scene but was later identified by Lopez and Lopez's father, Salvador Lopez, who was also present at the time of the incident. Dionicio-Gomez was subsequently arrested and charged with, *inter alia*,[3] one count of criminal attempt to commit criminal homicide,[4] three counts of aggravated assault—deadly weapon,[5] and one count of aggravated assault—serious bodily injury.[6] From April 19-21, 2023, a jury trial was held, which resulted in a mistrial due to the jury's inability to reach a unanimous verdict.

Prior to a second trial, the charges were amended to include one count each of criminal attempt to commit criminal homicide and aggravated assault—serious bodily injury. On August 12, 2024, the second trial commenced, and, on August 14, 2024, a jury found Dionicio-Gomez guilty of aggravated assault. The court deferred sentencing for a presentence investigation (PSI) report. On October 21, 2024, Dionicio-Gomez was sentenced to 5 to 15 years' incarceration and ordered to pay restitution in the amount of $69,903.24.

_____

[3] Dionicio-Gomez was also charged with two counts of discharge of a firearm into an occupied structure, 18 Pa.C.S.A. § 2707.1(a); recklessly endangering another person, *id.* at § 2705; and criminal mischief, *id.* at § 3304(a)(5).

[4] *Id.* § 901(a).

[5] *Id.* § 2702(a)(4)

[6] *Id.* § 2702(a)(1).

On October 31, 2024, Dionicio-Gomez filed a timely post-sentence motion raising a challenge to the sufficiency of the evidence, a weight of the evidence claim, and seeking reconsideration of his sentence. The trial court denied the motion on November 1, 2024. Trial counsel filed a petition to withdraw as counsel on October 31, 2024, and on November 6, 2024, Attorney Glick entered her appearance as appellate counsel.

Dionicio-Gomez filed a timely notice of appeal on December 2, 2024.[7] On January 2, 2025, counsel filed a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4) in lieu of a Rule 1925(b) statement. On January 3, 2025, the trial court filed an order indicating that, in light of Attorney Glick's Rule 1925(c)(4) statement, it would not be filing a Rule 1925(a) opinion. On April 16, 2024, Attorney Glick filed an **Anders** brief with this Court. Dionicio-Gomez did not file a *pro se* brief, nor did he retain alternate counsel prior to this appeal.

Before addressing Dionicio-Gomez's issues raised on appeal, we must determine whether counsel has complied with the procedural requirements of

---

[7] If a defendant files a timely post-sentence motion, a subsequent notice of appeal must be filed within 30 days of the trial court's order deciding the post-sentence motion. **See** Pa.R.Crim.P. 720(A)(2)(a). "Whenever the last day of any such period shall fall on Saturday or Sunday . . . such day shall be omitted from the computation." 1 Pa.C.S.A § 1908.

Here, the last day of the 30-day period fell on Sunday, December 1, 2024. The following day was Monday, December 2, 2024, the date that Dionicio-Gomez filed his notice of appeal. Thus, his notice of appeal was timely.

*Anders* and its progeny. Pursuant to *Anders*, for counsel to withdraw from representation on an appeal she believes to be frivolous, she must:

> (1) petition the court for leave to withdraw[,] stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous[;] (2) file a brief referring to any issues in the record of arguable merit[;] and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted). Furthermore, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied these technical requirements, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, our review of counsel's application to withdraw as counsel and accompanying *Anders* brief reveal that counsel has complied with the

requirements of **Anders** and **Santiago**. Counsel's application to withdraw states that she has made a conscientious examination of the record and determined that the appeal would be frivolous. The application to withdraw also indicates that counsel supplied Dionicio-Gomez with a notice stating his right to obtain private counsel or proceed *pro se* or raise any additional points that he deems worthy of this Court's attention. Further, counsel furnished Dionicio-Gomez with copies of the application to withdraw and **Anders** brief. Therefore, we conclude that counsel's application to withdraw has substantially complied with **Anders**. We now turn to examine the record to make an independent determination of whether Dionicio-Gomez's appeal is, indeed, wholly frivolous.

In her **Anders** brief, in addition to a summary of the procedural history and facts with citations to the record, counsel sets forth two issues on appeal: sufficiency of the evidence and credit for time spent on house arrest while on bail.

Our standard of review for challenges to the sufficiency of the evidence is well-settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged[,] and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the

verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (citations omitted).

Dionicio-Gomez seeks to challenge the sufficiency of the evidence demonstrating that he was the person who shot Harry Lopez. Section 2702(a)(1) of the Crimes Code stipulates that a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 P.C.S.A. § 2702(a)(1). Shooting a firearm at another and causing serious bodily injury is sufficient to meet the elements of aggravated assault. ***See Commonwealth v. Wesley***, 860 A.2d 585, 593 (Pa. Super. 2004).

We agree with counsel that, based on the record and viewed in the light most favorable to the Commonwealth as the verdict winner, the Commonwealth established beyond a reasonable doubt that Dionicio-Gomez was the person who fought with and shot Harry Lopez in the elbow, satisfying the elements of aggravated assault. ***See Anders*** Brief, at 15 (counsel stating, "[a]lthough [Harry and Salvador Lopez] did not know [Dionicio-Gomez's] name, they certainly knew who he was and were able to identify him. Thus, the Commonwealth established the elements of aggravated assault[.]"). Indeed, Harry and Salvador Lopez saw and identified Dionicio-Gomez, and it

is irrelevant whether or not they knew his name. Therefore, Dionicio-Gomez's challenge to the sufficiency of the evidence is without merit.

Next, counsel addresses Dionicio-Gomez's claim that the trial court erred when it failed to grant his request for time credit for the time he spent on house arrest while he was on bail. This Court and our Supreme Court have established that "time spent on bail release, subject to electronic monitoring, does **not** qualify as custody for purposes of [42 Pa.C.S.A. §] 9760 credit against a sentence of incarceration." *Commonwealth v. Kyle*, 874 A.2d 12, 20 (Pa. 2005) (emphasis added); *see also Commonwealth v. Owens*, 936 A.2d 1090, 1092 (Pa. Super. 2007). Thus, this claim, too, has no merit.

Finally, our independent review of the record does not reveal any other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Dempster*, 187 A.3d at 272. Therefore, we concur with Attorney Glick that this appeal is wholly frivolous. As such, we grant Attorney Glick's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/19/2025